## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **DAVID OPPENHEIMER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.**: |
| **KATHERINE ANNE ROBISON:** | § | |
| **CRAIG DANIEL ROBISON;** | § | |
| **BLUE RUNNER REALTY, LLC;** | § | |
| **JOSEPH FRANCIS GODAR;** | § | |
| **IVACATIONONLINE.COM, LLC,** | § | |
| | § | |
| **Defendants.** | § | **JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendants, Katherine Anne Robison ("KRobison"), Craig Daniel Robison ("CRobison"), Blue Runner Realty, LLC ("Blue Runner"), Joseph Francis Godar ("Godar"), and Ivacationonline.com, LLC ("Ivacation"), collectively referred to herein as "Defendants," alleges:

### JURISDICTION/VENUE

1.      Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. §101 *et. seq.*, (hereinafter the Copyright Act), and 17 U.S.C. §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA").

2.      Subject matter and personal jurisdiction are vested in this Court pursuant to

28 U.S.C. 1338.  This Court has personal jurisdiction over Defendants because they have

purposely availed themselves of the privileges of the forum state by using (or in the case

of Ivacation, allowing the use on its website) a photograph taken within the State of

Alabama of a tourist destination within the state, in an advertisement offering to rent to

consumers within the state of Alabama (which KRobison and CRobison own and rent out

for profit – see **Exhibits C - F**). Further, BRR is incorporated in Alabama. All Defendants

have thereby directed advertising for the rental of the property at citizens of Alabama,

which affects Alabama businesses (including, but not limited to marketing, sales, and

tourism). Oppenheimer's claims arise out of these activities directed at the forum state, and

the exercise of justice is constitutionally reasonable in the forum state.  Venue in this

judicial district is therefore proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b)

and (c), and the "*Calder* effects test" as laid down by the U.S. Supreme Court in *Calder v.

Jones*, 465 U.S. 783, 789–90 (1984).

## THE PARTIES

3.      Plaintiff is a citizen of North Carolina engaged in the business of professional

photography who resides in and has a principal place of business in Asheville, Buncombe

County, North Carolina.

4.      On information and belief, KRobison is a citizen of Georgia, residing in and

will receive actual notice of this filing at her current residence, 3650 HADFIELD DR,

MARIETTA GA 30062-5857, or such other place where she may be found.

5.      On information and belief, CRobison is a citizen of Georgia, residing in and

will receive actual notice of this filing at his current residence, 3650 HADFIELD DR, MARIETTA GA 30062-5857, or such other place where he may be found.

6.      Blue Runner is an Alabama limited liability corporation with its principal place of business at the very property advertised for rental or lease by the defendants, 1488 W Beach Blvd, Gulf Shores, AL 36542-6132, and its registered agent is Katherine N. Robison, one of the named defendants herein.

7.      Godar is a citizen of the State of Ohio, and is the registered agent for, and a principal of the named defendant/infringer, Ivacationonline.com, LLC. He will receive actual notice of this lawsuit and may be served at the registered office of the Ivacation, 5130 CROOKSHANK ROAD, CINCINNATI, OH 45238-3304.

8.      Ivacation is an Ohio limited liability corporation with its principal place of business at 7710 Mitchell Park Drive, Cleves Ohio 45002, but whose registered office is 5130 CROOKSHANK ROAD, CINCINNATI, OH 45238-3304.

## INTRODUCTORY FACTS

9.      Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in the photograph at issue in this matter (the "Work," **Exhibit A**).

10.     Oppenheimer makes his photographic works available for print sales and licensing online at his website http://www.performanceimpressions.com.

11.     Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Work and registered the

copyrights with the Register of Copyrights at the U.S. Copyright Office (**Exhibit B**).

12.     At all relevant times hereto, Oppenheimer has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registration and photograph. Oppenheimer's copyrights in the above-described Work are presently valid and subsisting, and were valid and subsisting from the moment of its creation, and all conditions precedent to the filing of this suit have occurred.

13.     For many years, it has been Oppenheimer's custom and business practice to display his copyright management information ("CMI") on his copyrighted photographs when they are first published. Oppenheimer's Work at issue in this case, as first published, prominently displays his CMI in the caption and with a watermark, as well as embedded in the metadata of the Work; thus, Defendants were on notice that the Work was copyright protected.

14.     In the third quarter of 2017, Oppenheimer first discovered that Defendants had infringed his copyrights apparently beginning on Sunday, September 10, 2017, 11:37:45 PM by uploading and publishing (or directing others to do so) his protected image at the following URLs:

https://ivacationonline.com/Rentals/Rental_View.asp?PropertyID=6324&Location=AL&LocationName=Alabama&Country=US&City=Gulf%20Shores; ***and***

https://ivacationonline.com/uploads/pictures/0/6324.jpg, *and* perhaps elsewhere.

15.     KRobison, CRobison, and Blue Runner used Oppenheimer's protected Work

for the advertising, marketing, selling or leasing of their vacation home in the Gulf Shores

beach area. Screenshots of the infringing images are provided herein (**Exhibits C – F).**

16.     Upon information and belief, Defendants located and accessed

Oppenheimer's Work on his website, http://www.performanceimpressions.com, or

through a Google image search.

17.     On April 29, 2019 Oppenheimer's counsel, Dana A. LeJune, sent a "Cease,

Desist, and Request for Information" letter *via* email to the Defendants (**Exhibit G and H**

respectively) which requested information about the unauthorized publication, and asked

them to protect potentially relevant electronically-stored information (**Exhibit I**).  Despite

Oppenheimer's persistent and best efforts to resolve these infringement claims without

litigation, Defendants have completely ignored the letter, failed to provide the requested

information, and ignored phone calls and follow-up emails.

18.     Although the Robison Defendants' infringing activities have ceased (the

advertisement using the Work was removed from the Ivacation website), Defendants

Godar and Ivacation are still infringing the Work here:

**https://ivacationonline.com/uploads/pictures/0/6324.jpg**.

19.     Because all Defendants have refused to engage in settlement negotiations,

and because Godar and Ivacation are still infringing the Work, suit including a request for

injunctive relief has become necessary.

## CAUSES OF ACTION

### COUNT I – COPYRIGHT INFRINGEMENT

20.     Oppenheimer re-alleges and incorporates paragraphs 1 – 19 hereinabove as if recited *verbatim*.

21.     Defendants have infringed Plaintiff's copyrights in and to the image described above and attached as Exhibit A by scanning, downloading, copying, reproducing, distributing, publishing, displaying and/or otherwise using unauthorized copies of said photograph within the United States all of which violate Title 17.

22.     Upon information and belief, each of the Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution of the licensing value of the Work in the marketplace.  Therefore, Oppenheimer is entitled to injunctive relief, disgorgement of defendants' profits attributable to the infringements, actual damages, statutory damages, and other relief set forth in the Act.

### COUNT II – VIOLATIONS OF THE DIGITAL MILLENIUM COPYRIGHT ACT

23.     Oppenheimer re-alleges and incorporates paragraphs 1 - 22 hereinabove as if recited *verbatim*.

24.     Oppenheimer clearly marked the Work both on the face of the image and in the metadata with full notices of copyright, all rights reserved, instructions, Oppenheimer's address, phone number, email, and website. Oppenheimer did this to ensure that anyone who views the Work understands that Oppenheimer owns all rights and title. On information and belief, one or more of the Defendants (discovery will reveal which)

violated the DMCA by obscuring or removing Oppenheimer's copyright management information ("CMI") from the face of the Work, and from the metadata within the Work, or having others do so.

25.     In accomplishing the infringements identified above, and upon information and belief, one or more of the Defendants intentionally obscured, removed, and/or omitted Oppenheimer's CMI from copies of Oppenheimer's Work.

26.     Upon information and belief, one or more of the Defendants distributed copies or derivatives of such works knowing that such CMI had been obscured, removed, or omitted without authorization.

27.     At the time Oppenheimer's CMI was removed from copies of his Work, and at the time one or more Defendants distributed copies of the work from which the CMI had been removed or omitted, one or more of the Defendants knew, or had reasonable grounds to know, that such behavior would induce, enable, facilitate, and/or conceal the infringement of Oppenheimer's copyrights.

28.     Oppenheimer is entitled to and seeks recovery of statutory damages from Defendants not less than $2,500 and not more than $25,000 for *each act* committed in violation of his rights under 17 U.S.C. § 1202.

29.     Pursuant to 17 U.S.C. § 203(b)(5), Oppenheimer is entitled to and seeks recovery of his reasonable attorney's fees.

## CAUSATION/DAMAGES

30.     As a result of Defendants' above-described acts of copyright infringement and DMCA violations, Oppenheimer has sustained actual damages in an amount not yet

ascertained. Such actual damages include, but are not limited to, dilution, lost profits and/or

lost licensing revenue, disgorgement of Defendants' profits attributable to their

infringements, statutory damages, research time tracking down and documenting the

infringements, attorney time spent placing joint infringers on notice of the infringements,

and accomplishing removal of the images from servers and web sites.

31.    In addition to damages for copyright infringement, Plaintiff seeks recovery

of DMCA penalties as set out above.

## RELIEF REQUESTED

32.    Oppenheimer demands an accounting by Defendants of their activities in

connection with their infringements of his copyrights in and to the above-described and

attached work, as well as disgorgement of their gross profits, and/or all other benefits

attributable.

33.    Oppenheimer requests that Defendants, their agents, employees, and/or

servants, be enjoined *pendent lite* and permanently from infringing Oppenheimer's

copyrights in any manner whatsoever, including but not limited to advertising, marketing,

construction, and sale of infringing images, and from publishing through any visual media,

and from selling, marketing, or otherwise distributing copies of Oppenheimer's copyright-

protected images – specifically the infringing images displayed on the URL's listed in

paragraph 14.

34.    Oppenheimer is entitled to and seeks recovery of actual damages plus the

Defendants' profits attributable to the infringements under 17 U.S.C. § 504(b).

35.     Alternatively, because the image was registered prior to Defendants' infringements, Oppenheimer seeks recovery of statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars) for the Work infringed, plus costs, including expert witness fees and reasonable and necessary attorney's fees.

36.     Oppenheimer is also entitled to and seeks recovery of DMCA penalties not exceeding $25,000 for each act committed in violation of his rights under 17 U.S.C. § 1202.

Oppenheimer DEMANDS JUDGMENT AS FOLLOWS:

37.     That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Oppenheimer's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images, and from using his images in sales, marketing, and/or advertising, including but not limited to the infringing images displayed on the URL's listed in paragraph 13(a) – (i);

38.     That Defendants be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Oppenheimer's copyrights, and all prints, film negatives, magnetic tapes, digitally-scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession of, constructive possession of, or under the direct or indirect control of the Defendants;

39.     That Defendants provide an accounting of all manners of infringement, including the gains, profits, and advantages derived by them as a result of the reckless or willful, and unlawful acts of copyright infringement above described;

40.    That Defendants be ordered *jointly and severally,* to pay over to Oppenheimer his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing Oppenheimer's actual damages incurred as a result of Defendants' copyright infringements described herein;

41.    In the alternative, at Oppenheimer's option after verdict, that Defendants be ordered jointly and severally, to pay maximum statutory damages in the amount of $150,000 for Defendants' infringement of Oppenheimer's copyrights in the Work pursuant 17 U.S.C. § 504(c); or such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

42.    That Defendants be order *jointly and severally,* to pay to Oppenheimer an award of statutory damages for each and every violation by Defendants of the DMCA pursuant to 12 U.S.C. § 1202, *et seq.*;

43.    That Defendants be ordered *jointly and severally,* to pay to Oppenheimer his costs including attorney's fees; *and*

44.    That Oppenheimer obtain such other and further relief as this court shall deem just and proper.

### PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.

<u>James H. Starnes</u>
Attorney for Plaintiff

**<u>OF COUNSEL</u>**
JimStarnesLaw
P.O. Box 590003
Birmingham, AL 35259
(205)320-0800
jim@jimstarneslaw.com