IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID OPPENHEIMER, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACT. NO. 1:20-cv-152-TFM-N |
| KATHERINE ANNE ROBISON, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Joseph Francis Godar's and Ivacationonline.com, LLC's, *Motion to Dismiss*. Doc. 8, filed June 12, 2020. Joseph Francis Godar and Ivacationonline.com, LLC, request the Court dismiss Plaintiff David Oppenheimer's Complaint pursuant to Fed. R. Civ. P. 12(b)(4) and (5) for insufficient process and insufficient service of process and Fed. R. Civ. P. 41(b) for failure to prosecute. *Id.* Having considered the motion, response, reply, and relevant law, the Court finds the motion to dismiss (Doc. 8) is due to be **DENIED**.

**I.     PROCEDURAL BACKGROUND**

On March 12, 2020, Plaintiff David Oppenheimer ("Plaintiff") filed his Complaint, in which he brings claims of copyright infringement and violations of the Digital Millennium Copyright Act against Defendants Blue Runner Realty, LLC ("Blue Runner"); Joseph Francis Godar ("Godar"); Ivacationonline.com, LLC ("Ivacationonline.com"); and Craig Daniel Robison and Katherine Anne Robison (collectively, "the Robisons"). Doc. 1. Summonses were issued for Defendants on April 15, 2020. Doc. 5. On June 12, 2020, Godar and Ivacationonline.com filed their instant motion to dismiss, for which the Court entered a submission order and ordered Plaintiff to show cause why Godar and Ivacationonline.com should not be dismissed without

prejudice. Doc. 9. Plaintiff timely filed his response to the motion to dismiss and the Court's show cause order, and Godar and Ivacationonline.com timely filed their reply. Docs. 13, 15. On July 2, 2020, summonses for Godar and Ivacationonline.com were returned executed, who were served on June 19, 2020. Docs. 10, 11.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(4) and (5), a complaint may be dismissed for either insufficient process or insufficient service of process. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(4) challenges the form of the summons, while a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) challenges the method of service. "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." FED. R. CIV. P. 4(c)(1).

> If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Further, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b).

## III. DISCUSSION AND ANALYSIS

In support of Godar's and Ivacationonline.com's motion, they state more than ninety (90) days have passed since Plaintiff filed his complaint, he has failed to provide proof of service on Godar and Ivacationonline.com, and he has not requested an extension of time to perfect service on Godar and Ivacationonline.com. Doc. 8. Godar's and Ivacationonline.com's arguments do not challenge the form of the summonses but challenge the fact that they were not served within the time prescribed by Fed. R. Civ. P. 4(m).

Ninety (90) days from the day that Plaintiff filed his complaint was June 10, 2020, by which time he had not served any of Defendants and had not requested an extension of time to serve them.

Plaintiff argues there is good cause for his failure to serve Defendants and the Court should deny or hold moot Godar's and Ivacationonline.com's motion to dismiss, since they have been served since they filed their motion, or alternatively extend by nine (9) days the deadline to serve Godar and Ivacationonline.com. *Id.* at 5-9. Further, as to service of the Robisons and Blue Runner, Plaintiff requests the Court extend the time to serve them by ninety (90) days. *Id.*

In support of Plaintiff's arguments, counsel had issues early in this litigation that affected his ability to perfect service on Defendants: Plaintiff's counsel had limited access to his paper files after schools in Alabama were closed on March 13, 2020, and Plaintiff's counsel's registered email address on PACER was not his active address and had to be changed.[1] Doc. 13 at 2-3. Plaintiff's counsel attempted to serve Defendants with summons and a copy of the complaint via certified mail, which were mailed on April 22, 2020, and on May 28, 2020, the certified mail returns for Blue Runner Realty; Godar; and the Robisons were returned undelivered. *Id.* at 3-4. The certified mail return for Ivacationonline.com was returned undelivered on June 27, 2020. *Id.* Plaintiff retained special process servers who are located in Atlanta, Georgia; Cincinnati, Ohio; and Mobile, Alabama to serve Defendants, and on June 19, 2020, Godar and Ivacationonline.com were served. *Id.* at 4; Docs. 10, 11. Plaintiff asserts service was attempted on the Robisons in Gulf Shores, Alabama, at Blue Runner's registered address, but it was discovered the registered address is a unit

---

[1] Due to the outbreak of SARS-CoV-2 (which causes COVID-19), since March 2020, there have been statewide shutdowns that discouraged a wide range of activities to limit the spread of the virus.

in a multi-family complex and is not a permanent residence. Doc. 13 at 4. Subsequently, Plaintiff has hired investigators and process servers to serve Blue Runner and the Robisons and continues his effort to locate them. *Id.* at 4-5.

The Court may consider facts outside of the pleadings to decide a motion that is brought pursuant to Fed. R. Civ. P. 12(b)(5). *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988)). Plaintiff has supported his arguments and his narrative of events with appropriate affidavits. *See* Docs. 13-1, 13-2, 13-3, 13-4.

The Court finds Plaintiff has shown good cause for his failure to serve Defendants and Godar's and Ivacationonline.com's motion to dismiss is denied. Further, the Court construes Plaintiff's response to the motion to dismiss as a motion to extend the service deadline for Godar and Ivacationonline.com by nine (9) days, and for Blue Runner and the Robisons by ninety (90) days. The Court grants his construed motion to extend the service deadline by nine (9) days for Godar and Ivacationonline.com, and grants his construed motion to extend the service deadline for Blue Runner and the Robisons by ninety (90) days.

## IV.   CONCLUSION

Accordingly, based on the foregoing analysis, the Court hereby **ORDERS**:

(1)   Godar's and Ivacationonline.com's motion to dismiss (Doc. 8) is **DENIED**;

(2)   Plaintiff's construed motion to extend the service deadline for Godar and Ivacationonline.com by nine (9) days is **GRANTED** and the deadline for Plaintiff to serve Godar and Ivacationonline.com is **EXTENDED** to **June 19, 2020**; and

(3)     Plaintiff's construed motion to extend the service deadline for Blue Runner and the Robisons by ninety (90) days is **GRANTED** and the deadline for Plaintiff to serve Blue Runner and the Robisons is **EXTENDED** by **ninety (90) days** to **August 8, 2020**.

**DONE** and **ORDERED** this the 16th day of July 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE