IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID OPPENHEIMER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACT. NO. 1:20-cv-152-TFM-N |
| | : | |
| KATHERINE ANNE ROBISON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants Joseph Francis Godar's and Ivacationonline.com, LLC's, *Motion to Dismiss or Alternatively Motion for More Definite Statement*. Doc. 15, filed July 9, 2020. Joseph Francis Godar and Ivacationonline.com, LLC, move the Court to dismiss without prejudice Plaintiff David Oppenheimer's Complaint pursuant to Fed. R. Civ. P. 8 and 12(e) or, alternatively, order Plaintiff David Oppenheimer to amend his Complaint to comply with Fed. R. Civ. P. 8. *Id.* Having considered the motion, response, reply, and relevant law, the Court finds the motion to dismiss (Doc. 15) is due to be **DENIED**.

### I.    JURISDICTION

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question) since Plaintiff David Oppenheimer ("Plaintiff") brings claims for violations of the Copyright Act of 1976 and its subsequent amendments ("Copyright Act"), 17 U.S.C. §§ 101-805, 1001-1205, including the Digital Millennium Copyright Act ("DMCA"), Pub L. No. 105-304, 112 Stat. 2860 (codified as amended in scattered sections of 17 U.S.C.).

The Court has personal jurisdiction over Joseph Francis Godar ("Godar"), a citizen of the State of Ohio, and Ivacationonline.com, LLC ("Ivacationonline.com"), (collectively,

"Defendants") a limited liability company, members of which include Alabama citizens, because Plaintiff alleges Defendants purposely availed themselves of the privileges of the forum state when they used, or allowed to be used, a photograph that was taken within the Alabama of a tourist destination within the state to advertise rental property to consumers in Alabama, and Defendants were served with a summons and the complaint via a process server. Docs. 1, 10, 11, 34; *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011) (internal quotation marks, alteration, and citations omitted) ("Specific jurisdiction . . . depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that take place in the forum State and is therefore subject to the State's regulation."); *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003) (quoting *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983)) ("Personal jurisdiction is a composite notion of two separate ideas: amenability to jurisdiction, or predicate, and notice to the defendant through valid service of process.").

Venue is proper in this Court because Plaintiff alleges a substantial part of the events or omissions that form the basis of his claims occurred within the Court's jurisdiction; Craig Daniel Robison and Katherine Anne Robison (collectively, "the Robisons") were served in Baldwin County, Alabama; and venue is not contested. Docs. 1 ¶¶ 1-19, 24, 27; *see also* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."); 28 U.S.C. § 1400(a) ("Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found.").

## II.     PROCEDURAL AND FACTUAL BACKGROUND

**A.     Procedural Background**

On March 12, 2020, Plaintiff David Oppenheimer ("Plaintiff") filed his Complaint, in which he brings claims of copyright infringement and violations of the Digital Millennium Copyright Act against Blue Runner Realty, LLC ("Blue Runner"); Godar; Ivacationonline.com; and the Robisons. Doc. 1. Summonses were issued for all of the defendants on April 15, 2020. Doc. 6. On July 2, 2020, the summonses for Defendants were returned executed, who were served on June 19, 2020. Docs. 10, 11.

Defendants timely filed on July 9, 2020, their instant Motion to Dismiss or Alternatively Motion for More Definite Statement ("motion to dismiss"), for which the Court entered a submission order. Doc. 21. Plaintiff and Defendants timely filed their respective response and reply to the motion to dismiss and the Court finds oral argument is unnecessary. Docs. 28, 29. Therefore, Defendants' motion to dismiss is ripe for review.

**B.     Factual Background**

Plaintiff alleges he is a photographer who is the sole owner and proprietor of all right, title, and interest in the copyrighted photograph at issue in this matter, "2013 Hangout Festival Photos," United States Copyright Office Registration Number VAu 1-144-103. Docs. 1 ¶¶ 9, 12; 2; 2-1. Plaintiff's photographic works are available for print sales and licensing online at his website, http://www.performanceimpressions.com. Doc. 1 ¶ 10. Plaintiff's custom and business practice is to display his copyright management information ("CMI") on his copyrighted photographs when they are first published, and the work at issue, as first published, displayed his CMI in the caption and with a watermark, as well as embedded in the work's metadata. *Id.* ¶ 13.

In the third quarter of 2017, Plaintiff first discovered Defendants had infringed his

copyrights when his published work was uploaded and published to the Ivacationonline website in order to advertise, market, sell, or lease a vacation home in the Gulf Shores area, beginning on September 10, 2017. *Id.* ¶¶ 14-15; Docs. 2-2, 2-3, 2-4, 3. On April 29, 2019, Plaintiff's counsel sent the defendants a letter in which they were advised they were infringing Plaintiff's copyrighted work and set out a list of demands of the defendants. Docs. 1 ¶ 17, 3-1, 3-2, 3-3. The Robisons have since ceased infringing Plaintiff's copyright work; however, Defendants continue to do so. Doc. 1 ¶ 18.

## II.     STANDARD OF REVIEW

**A.     Fed. R. Civ. P. 12(b)(6)[1]**

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570, 127 S. Ct. [at] 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S. Ct. [at] 1955."). Since a Fed. R. Civ. P. 12(b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of

---

[1] Defendants' instant Motion to Dismiss or Alternatively Motion for More Definite Statement is brought pursuant to Fed. R. Civ. P. 8 and 12(e). Doc. 15 at 1. However, Defendants' argument that the Complaint does not comply with Fed. R. Civ. P. 8(a) because it does not "contain a short and plaint statement of the claim showing that the pleader is entitled to relief" is properly brought pursuant to Fed. R. Civ. P. 12(b)(6). *Id.* ¶ 3.

the motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 1276, 113 L. Ed. 2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1955) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, all factual allegations shall be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989). Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss. *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.*, 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990), for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss). "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'" *Thaeter v. Palm Beach Cty. Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam)); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P.] 12(b)(6) purposes.").

B.     **Fed. R. Civ. P. 12(e)**

Fed. R. Civ. P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed which is so vague or ambiguous that the party

cannot reasonably prepare a response." However, motions for a more definite statement are disfavored under the law and are rarely granted. *Fathom Expl., LLC v. Unidentified Shipwrecked Vessel or Vessels*, 352 F. Supp. 2d 1218, 1221 (S.D. Ala. 2005); *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993). "[A] motion for a more definite statement must be denied if the complaint attacked thereby, considered as a whole, fairly gives notice of the claim or claims asserted therein so as to permit the filing of a responsive answer." *Herman v. Cont'l Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000). Furthermore, "[a] motion for more definite statement is not a substitute for discovery." *Fathom Expl., LLC*, 352 F. Supp. 2d at 1221-22.

### III.   DISCUSSION AND ANALYSIS

Defendants argue the Complaint is a shotgun pleading because it contains multiple claims and incorporates by reference each factual allegation into each claim. Doc. 15 ¶¶ 4-6.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Federal Rule of Civil Procedure 10 provides that the complaint must "state [the plaintiff's] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also Twombly*, 550 U.S. at 555 (holding that the purpose of Rule 8(a)(2) is to "give the

defendant fair notice of what the claim is and the grounds upon which it rests." (citation, quotation marks, and ellipsis omitted)).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" and have been uniformly rejected by the Eleventh Circuit. *Weiland*, 792 F.3d at 1320.  There are four types of shotgun pleadings: (1) pleadings that "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief"; and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Weiland*, 792 F.3d at 1321.

While the Complaint does contain multiple counts where each count adopts the allegations of all of the preceding counts and asserts claims against multiple defendants for common acts or omissions, the Court finds Plaintiff's claims are sufficiently clear for Defendants to address.  Any lingering issues can be resolved by normal discovery mechanisms.

Therefore, Defendants' request to dismiss Plaintiff's Complaint and the alternative request to order Plaintiff to replead his Complaint to conform with Fed. R. Civ. P. 8(a) are due to be denied.

## IV.   CONCLUSION

Based on the foregoing analysis, Defendants' motion (Doc. 15) is hereby **DENIED**, and Defendants Joseph Francis Godar and Ivacationonline.com, LLC, are **ORDERED** to file their answer to the Complaint in accordance with Fed. R. Civ. P. 12(a)(4)(A).

**DONE** and **ORDERED** this the 22nd day of September 2020.

                                                  /s/ Terry F. Moorer
                                                  TERRY F. MOORER
                                                  UNITED STATES DISTRICT JUDGE